UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
**CV11 - 5312**
-------------------------------------------------------------X
CURTIS BROWN,   Civil Action No.:

          Plaintiff  **TOWNES, J.**

-against-  **COMPLAINT**

QUALITY ASSET RECOVERY,  **MANN, M.J.**

          **DEMAND FOR JURY TRIAL**

          Defendant(s).
-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 1 – 2011 ★
BROOKLYN OFFICE

Plaintiff CURTIS BROWN ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant QUALITY ASSET RECOVERY, hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New York, residing at 411 Layfette Ave, 2A, Brooklyn, N.Y. 11238.

3. Defendant QUALITY ASSET RECOVERY is a New Jersey Corporation with its address at 7 Foster Ave, suite 101, Gibbsboro, NJ 08026.

4. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.  On information and belief, Defendant, on behalf of a third-party, began collecting two alleged consumer debts from the Plaintiff. The account numbers being QAR1TR1205710 and QAR1TR120576.

9.  The Defendant placed on the Plaintiff's credit report with Experian a negative item for both of the alleged debts and with Transunion account ending in 5710.

10. The Plaintiff sent the Defendant a letter dated November 4, 2011 by certified mail that disputed account # ending in 5756.

11. The Plaintiff sent Experian a letter dated Sept. 24, 2010 disputing both accounts.

12. The Plaintiff's credit report dated February 16th, 2011 shows both accounts as being undisputed and marked simply as derogatory.

13. The Defendant having been informed by both the Plaintiff in the November 4th, 2010 letter that the account QAR1TR1205756 was disputed, and by

Experian in their verification process that both accounts were disputed, failed to mark both accounts as disputed and therefore violated 15 USC § 1692e(8) by failing to communicate that a disputed debt is disputed.

14. The Defendant's two violations of the FDCPA on two separate accounts have damaged and harmed the Plaintiff.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e (8).

17. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

18. Plaintiff CURTIS BROWN hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff CURTIS BROWN demands judgment from the Defendants QUALITY ASSET RECOVERY, as follows:

    A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

      C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

      D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

      E.    A declaration that the Defendant's practices violated the FDCPA;

      F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
           September 29, 2011

                          Respectfully submitted,

                          By: _____
                          M. Harvey Rephen, (MR3384), Esq.
                          M. HARVEY REPHEN & ASSOCIATES, P.C.
                          708 Third Avenue, 6th Floor
                          New York, New York 10017
                          Phone:   (212) 796-0930
                          Facsimile: (212) 330-7582

                          *Attorney for the Plaintiff Curtis Brown*

To:    QAR
       7 Foster Ave., Suite 101
       Gibbsboro, NJ 08026

       *(Via Prescribed Service)*

       Clerk,
       United States District Court, Eastern of New York
       *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE NO.:

CURTIS BROWN,

                              Plaintiff(s),

-against-

QUALITY ASSET RECOVERY,

                              Defendant(s).

------

## COMPLAINT

------

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:    (212) 796-0930*
*Facsimile: (212) 330-7582*

------